■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANGEL ROBLES, Appellant.— Judgment, Supreme Court, Bronx County, rendered April 26, 1973, convicting defendant after a jury trial, of robbery in the first degree, reversed and vacated, and the order of said court denying defendant's motion to suppress identification testimony by the alleged victim, reversed, and said motion granted, on the law and on the facts, and a new trial directed. Complainant was robbed at knifepoint in the dimly lit hallway of his father's house by two young men. One perpetrator, defendant's brother, Abraham, was shot and captured shortly thereafter by an off-duty policeman, Patrolman Rodriguez, who was fortuitously nearby. The other perpetrator escaped. Acting on an unknown and unidentified informant's tip, Rodriguez arrested defendant two days later and advised complainant that the second assailant had been apprehended. About a week and a half after the incident defendant appeared in Criminal Court and identified defendant as one of his assailants. The trial court, after a *Wade* hearing, denied defendant's motion to suppress identification evidence by the complainant on the ground that he had ample opportunity to observe both defendants at the scene of the crime (only Angel's appeal is currently before us) and that his identification "was completely free from taint or suggestion of police impropriety." After a jury trial, defendant's alibi defense was rejected and he was convicted of first degree robbery. Defendant's conviction rests almost entirely on identification testimony supplied, in the main, by complainant. However, the complainant had only a very brief opportunity to observe defendant, who allegedly stood behind him with one arm wrapped around his throat and the other holding a knife pressed against his throat. The robbery was concluded in a matter of minutes, with the victim admitting that he observed the assailant who was standing behind him for "about a second." Complainant's prior observations of Abraham's accomplice, while the two young men were following him from the bank to his father's house, were cursory, at best, as evidenced by the vague and limited description given Rodriguez (bare-chested, wearing sneakers and dungarees and sporting a mustache) and his inability to positively identify which offender was shot by Rodriguez. In sum, on the record before us we find, unlike our dissenting colleagues, that the People failed to prove "by clear and convincing evidence" (*United States* v. *Wade*, 388 U. S. 218, 240; *People* v. *Ballott*, 20 N Y 2d 600, 606) that the in-court identification of defendant by complainant was based on observations untainted by the prejudicially suggestive Criminal Court showup, which followed shortly after Patrolman Rodriguez's equally prejudicial disclosure that "the second perpetrator was arrested." Since no independent origin for an in-court identification by the victim was established, the jury should not have been permitted to consider such testimony at all; and the manner by which evidence of the equally improper showup identification was introduced at the trial, which causes the dissenters some concern, is, under the circumstances of this case,

irrelevant. Accordingly, the motion to suppress the identification testimony by complainant, regarding appellant, should have been granted; and upon the retrial directed hereby, no such testimony shall be admitted. Concur — Nunez, J. P., Murphy and Capozzoli, JJ.; Kupferman and Steuer, JJ., dissent in the following memorandum by Steuer, J.: We believe the conviction should be affirmed. On the *Wade* hearing the court specifically found that the in-court identification of the defendant by the victim was made from the witness' recollection of him at the scene of the crime. This was purely a factual conclusion and we can see no error in the court's determination. On the trial this witness was cross-examined about an identification he made some time after the occurrence. It is argued that because the identification was due to an improper "show-up" rather than a line-up, some error was involved. Of course an identification cannot be bolstered by proof of a subsequent improper identification. But this was not done. The prosecution did not inquire about it on the direct testimony of the witness. The incident was brought out on cross-examination. This was undoubtedly permissible to try to show that the witness was testifying from his recollection of the individual at the "show-up" rather than at the scene. The impropriety of the show-up goes to the credibility of the witness. However, on both occasions, namely, by the court at the *Wade* hearing and by the jury at the trial, it was found that the defendant was correctly identified.