■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEPHEN POSTEN, Also known as STEPHEN POSTON, Respondent.—Appeal by the People from so much of an order of the Supreme Court, Kings County, entered October 27, 1975, as, after a hearing, granted the branch of defendant's motion which sought suppression of the identification testimony of Carmen Morgan. Order reversed insofar as appealed from, on the law and the facts, and the branch of defendant's motion which sought suppression of Carmen Morgan's identification testimony is denied. We reverse on the ground that, under the totality of the circumstances, the victim's identification of defendant was reliable and untainted by the confrontation (see *Neil v Biggers,* 409 US 188). Mrs. Carmen Morgan was one of two robbery victims. When she reported the incident almost immediately thereafter, she indicated that she thought she could identify the assailant. The next day she identified defendant from a set of pictures; he was arrested a week later. On the evening of the arrest, the arresting officer, according to Mrs. Morgan's testimony, asked her to come to court "to identify the fellow because they picked him up." Mrs. Morgan waited in court for some time. Although it is likely that she saw other persons escorted into court, her identification of defendant took place when he was led into court by the arresting officer. The trial court properly observed that, absent exigent

circumstances (see, e.g., *Stovall v Denno,* 388 US 293), such a confrontation is disapproved. It held, relying on *People v Robles* (46 AD2d 748), that the confrontation had been unnecessarily suggestive and that, as a result, Mrs. Morgan's in-court identification was tainted. In *Robles,* however, the independent basis for the identification rested on complainant's momentary observation of the assailant ("about a second"), who had stood behind him, with one arm wrapped around his throat. Mrs. Morgan, on the other hand, testified that the area where the robbery occurred was lit by a street lamp. Two or three minutes elapsed while the assailant, wielding a machete, demanded her pocketbook and that of her companion. Mrs. Morgan testified that she had looked intently at her assailant's face so that she (a) would be able to identify him and (b) could watch out for his movements with the knife. This is ample evidence from which to conclude that the in-court identification of defendant by Mrs. Morgan had an independent basis (see *People v Joyiens,* 39 NY2d 197). Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Titone, JJ., concur.