■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO MERCADO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 19, 1975, convicting him of robbery in the first degree (two counts) and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. This appeal also brings up for review the denial of defendant's motion to suppress certain identification testimony. Judgment modified, on the law, by reversing the conviction of robbery in the first degree under the first count of the indictment (the victim of that alleged robbery was Alfonse Castillo) and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. The suppression motion is granted only to the extent of suppressing the identification by Alfonse Castillo. The defendant was convicted on charges stemming from two robberies which occurred within minutes of each other on December 19, 1974. One of the victims, Alfonse Castillo, was brought to the precinct shortly after the robbery to identify the defendant and his companion, Davis, who had already been arrested in connection with the robbery of one Antonio Martinez. At the precinct, Castillo, who was specifically told that he was being brought to the precinct to identify his assailants, was allowed to observe the two suspects, who were alone in a room, through a one-way mirror. He identified them as his attackers. Showup identifications of this kind are inherently dangerous (see Stovall v Denno, 388 US 293, 302; People v Ballott, 20 NY2d 600, 606). Such a showup, when held shortly after the crime is committed, may sometimes be upheld as a desirable police practice if it aids in immediate identification and the possible early release of an innocent suspect (People v Logan, 25 NY2d 184; United States ex rel. Cummings v Zelker, 455 F2d 714, cert den 406 US 927). In the instant case, however, the defendant had already been identified by two witnesses to the other robbery and nothing would have been lost by delaying Castillo's identification for a few hours to allow the police to prepare a lineup. Castillo's testimony at the trial was weak. For example, he said that both of his assailants were short, but Davis was actually six feet and two inches tall. While the hallway in which he was robbed was well lit, the testimony indicates that the defendant was always behind Castillo and nothing in the record shows that Castillo actually saw him. The prosecution has therefore failed to show that Castillo's in-court identification of the defendant was not based upon his tainted identification in the precinct. The motion to suppress Castillo's identification of the defendant as his assailant should have been granted (see People v Robles, 46 AD2d 748) and, because it was not, the defendant's conviction on that count of the indictment, charging him with the first degree robbery of Alfonse Castillo, must be reversed. There is, however, no merit in the defendant's other contentions and the conviction on the remaining charges, all of which arose out of the incident involving Antonio Martinez, should be affirmed. Damiani, J. P., Titone, Rabin and Gulotta, JJ., concur.