■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACK FORD, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Owens, J.), rendered March 31, 1981, convicting him of robbery in the first degree, burglary in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Felig, J.), of that branch of defendant's omnibus motion which was to suppress identification testimony. ¶ Judgment reversed, on the law and as a matter of discretion in the interest of justice, that branch of defendant's omnibus motion which sought to suppress identification testimony granted, and a new trial ordered. ¶ On May 9, 1980, at approximately 11:00 P.M., complainants Linda Cruz and John Rosado were robbed by three men who had unlawfully broken into their apartment. Two of

the men had initially invaded the apartment, one armed with a gun and the other with a knife. The man armed with the gun asked Cruz if she had any "ups and downs" and demanded money. He asked Cruz repeatedly if she was one Martinez. When Cruz denied being Martinez, a third man who had remained outside was summoned. The man with the gun asked this third man if Cruz was Martinez. The third man entered the kitchen in the apartment, shook his head and retreated back into the hall, where he remained until the three men fled carrying bags filled with the complainants' belongings. The first two intruders were in the kitchen of complainants' apartment for a total of 15 to 20 minutes. The kitchen was brightly lit throughout the confrontation. ¶ After the robbers left the apartment Rosado called the police and they arrived about five minutes later. Police Officer Hanken spoke with Rosado who told the officer that he could identify one of the intruders. Rosado described the third man to Officer Hanken as a black male, 20 to 30 years of age, wearing a red hat and red jacket. Thereafter, Rosado accompanied Officer Hanken and his partner in a patrol car to conduct a search of the area. While cruising, Rosado pointed to a man standing on a street corner and said he looked like one of the perpetrators of the robbery. As they approached, the man, later identified as defendant, tried to conceal the bag he was carrying with a jacket. ¶ Officer Hanken got out of the patrol car and asked defendant where he had obtained the bag. Defendant replied that he had found it on the street. Rosado identified the bag and its contents as the items taken from his home but asked the officers if defendant could be transported to his home because Cruz had seen the intruder better than he had. ¶ Defendant was transported back to the scene of the crime. Rosado summoned Cruz and brought her to the patrol car where defendant was in handcuffs and seated alone in the back seat. Officer Hanken shined a flashlight on defendant's face, whereupon Cruz identified him as one of the men who had robbed her. ¶ Officer Hanken testified at the suppression hearing that prior to her identification of defendant, Cruz was not asked for, nor did she supply, a description of the intruder. Cruz testified to the contrary, stating that when the police arrived and before they searched the area, she had given them a description of the third intruder, stating that he was wearing a red hat and red jacket and had a white bandage on his hand. Cruz could not describe what kind of pants, shirt, or shoes the third intruder was wearing, nor could she describe his jacket or hat other than to state their color. She noticed nothing unusual about the man's face. She further testified that as the three intruders were fleeing, she observed that the man dressed in red was limping. Cruz admitted on cross-examination that Rosado, upon returning with the police officers from their search of the area, told her that they had found "the man with the bag and the glasses". However, she later retracted this statement and asserted that she could not remember if Rosado said anything to her about the bag and glasses prior to her showup identification of defendant. ¶ Contrary to the testimony of Cruz, Officer Hanken stated that prior to his search of the area he had not spoken with her. Hanken testified that Rosado had provided a description but mentioned nothing about defendant limping. ¶ At the time of his arrest, defendant was wearing a red sweatshirt with the name "Lucky" stenciled across the back in white letters approximately one and one-half inches high. He was also wearing red sweatpants with the name "Leo" printed vertically on the outer thigh and white stripes running down the outside of the leg, and a red hat. Defendant's right hand was bandaged as a result of a work-related accident. Officer Hanken noticed defendant walked with a "rather severe" limp, which defendant, upon the trial, stated was the result of a birth defect. ¶ Following the hearing, that branch of defendant's omnibus motion which was to suppress Cruz' showup and in-court identification was denied. ¶ Showup identifications while not per

se violative of due process are, nevertheless, generally disfavored (see *Stovall v Denno,* 388 US 293, 302; *People v Ballott,* 20 NY2d 600, 606). On occasion, such showup identifications involving procedures that are less than ideal may be upheld as a desirable police practice in aiding prompt identification and the early release of innocent suspects (see, e.g., *People v Love,* 57 NY2d 1023; *People v Logan,* 25 NY2d 184, 195, cert den 396 US 1020). In our view, the showup identification of defendant by Cruz was so unnecessarily and impermissibly suggestive as to amount to a denial of due process (see *People v Adams,* 53 NY2d 241). The showup occurred after another witness identified defendant as the perpetrator thereby negating any exigent circumstances which might otherwise have been said to exist (see *People v Mercado,* 63 AD2d 720; see, also, *People v Rogers,* 81 AD2d 980). In the absence of exigent circumstances, the police procedure of exhibiting defendant while handcuffed, and seated alone in a police vehicle, in dark surroundings, would not encourage a reliable or trustworthy identification. ¶ Additionally, we cannot conclude that the prosecution succeeded in establishing by clear and convincing evidence that an independent source existed sufficient to sustain an in-court identification by Cruz not tainted by the improper pretrial showup (see *People v Ballott,* 20 NY2d 600, 606-607, *supra; People v Boyce,* 89 AD2d 623). The witness in question testified that she observed two of the robbers in good light for 15 to 20 minutes but that she saw the third intruder, whom she identified as defendant, only briefly. However, this third defendant is the only one of the robbers she could describe in any detail and then only vaguely. Considering the discrepancies in the testimony, we hold that insufficient evidence was adduced to support a finding of independent source. It follows, therefore, that the in-court identification should be suppressed. ¶ We also reverse on the ground that the trial court erred in failing to marshal the evidence, particularly since in this case the question of identity was hotly contested. The court merely furnished the jury with a "bare bones" charge on the law without in any way relating it to the facts. This court has previously held that such a charge "cannot be sanctioned or approved, regardless of the strength of the proof adduced against the defendant" (*People v Mabry,* 58 AD2d 897; *People v Carney,* 73 AD2d 972). Accordingly, the trial court's failure to relate the law to the facts in the matter before us constitutes reversible error (cf. *People v Culhane,* 45 NY2d 757, cert den 439 US 1047; *People v Pepper,* 89 AD2d 714). O'Connor, Brown and Boyers, JJ., concur.

Mangano, J. P. (concurring). I concur with the majority in voting to reverse the defendant's judgment of conviction, but only on the ground that the trial court erred in giving the jury a "bare bones charge on the law, without in any way relating it to the facts" (*People v Mabry,* 58 AD2d 897; *People v Carney,* 73 AD2d 972). ¶ I do not agree with the majority's view that the prosecution failed to establish by clear and convincing evidence that an independent basis existed to sustain an in-court identification of defendant and dispel the taint of the improper pretrial showup (*People v Ballott,* 20 NY2d 600, 606-607; *People v Boyce,* 89 AD2d 623).