■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS NEAL, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Samenga, J.), rendered July 7, 1983, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of defendant's pretrial motion as sought suppression of physical evidence and identification testimony.

Judgment affirmed.

At approximately 9:00 P.M. on December 1, 1981, as a teen-age girl was walking towards her home, she saw two men running towards her, one carrying a stereo set and the other carrying a television. The girl continued to watch them for about two minutes as she crossed the street, and she then ran home to immediately telephone the police with a description of the two men.

A short distance away, at approximately 9:10 P.M., the same night, two uniformed police officers were in a marked car patrolling a commercial area of closed factory buildings. It had been raining most of the night. The officers saw two men run out from a section of torn fence which was adjacent to a wooded area separating the residential section, in which the teen-age girl lived, from the commercial area. After following the two men across a roadway and into the driveway of a furniture store, the officers called out for them to stop. One man, the defendant, continued to run, but stopped after an officer walked over to escort him back to the car. Upon inquiry, defendant told the officers that he was working in the area and was on a break, but provided no further clarification. Both men seemed nervous and all the factories within the area were closed. Within two or three minutes after their first encounter with the men, the officers received a radio transmission concerning two males, fitting the general descriptions of defendant and his companion, seen running in the nearby residential area carrying stereo equipment

and a television. The officers transported the two men to the girl's address, which was provided by the radio report, and the witness positively identified defendant as being one of the men she had seen running. One of the officers subsequently conducted an area search and found a stereo set and portable television approximately 10 feet from the torn fence section where the officers first saw defendant and his companion emerge.

Upon this record, we find that the police conduct was lawful, and suppression was properly denied. A justifiable scope of a police officer's conduct in any particular situation is defined by the factual circumstances known to the officer at that time (*People v De Bour,* 40 NY2d 210). In the case at bar, the officers could have reasonably assumed that the two men, on a night of unpleasant weather conditions, were running from the nearby residential area through a fenced-in section of woods. All the factories were closed and the men continued to run towards another commercial area. The fact that the police exercised their right of inquiry did not, per se, constitute an actual or constructive constraint (*People v Carrasquillo,* 54 NY2d 248, 252-253). From the point of the initial encounter forward, information gathered by the police officers entirely justified their actions (*People v Finlayson,* 76 AD2d 670, 675, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931). The defendant continued to run (*see, People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023; *People v Gray,* 90 AD2d 405, 407), and gave a highly questionable response when asked to account for his presence. The subsequent radio transmission supplied probable cause to believe that defendant had in fact committed a crime (*People v De Bour, supra,* p 223; *People v Williamson,* 107 AD2d 727).

Defendant further contends that the court erred in denying his motion to dismiss based upon the Assistant District Attorney's error in pointing defendant out to a witness prior to an in-court identification. While we certainly cannot condone such behavior, there is ample evidence on the record to conclude that the in-court identification had an independent basis, and thus it was reliable and untainted by the encounter (*People v Posten,* 54 AD2d 948).

We have examined defendant's remaining contentions and find them to be without merit. Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.