■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HUBENER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaccaro, J.), rendered December 13, 1985, convicting him of robbery in the first degree (two counts), upon a jury verdict and imposing sentence. The appeal brings up for review the denial of those branches of the defendant's motion which were to suppress identification testimony.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress Michael Dwyer's out-of-court identification of the defendant is granted, the matter is remitted to the Supreme Court, Kings County, for a new *Wade* hearing with respect to whether there would be an independent basis for the admission of any in-court identification by Michael Dwyer of the defendant, and a new trial is ordered.

The testimony during the *Wade* hearing reflects that following a robbery of the complaining witness Hwa-Suk Lee's fruit store, the police obtained a description of the robber from the other complaining witness Michael Dwyer. The police drove around the neighborhood and observed defendant, who matched the description given by Dwyer, standing at a corner several blocks from the fruit store. The police transported Hwa-Suk Lee to the defendant, and she made a positive identification of the defendant. The police then went back to the store and transported Dwyer with Hwa-Suk Lee back to the defendant. When they got back to the corner where the defendant was standing, Hwa-Suk Lee pointed in the defendant's direction and said, "look". Dwyer then identified the defendant as the robber. The trial court ruled that Dwyer's out-of-court identification of defendant was admissible at trial. In view of the fact that Dwyer's identification of the defendant was made under unnecessarily suggestive circumstances, and the record is inadequate for a determination as to whether Dwyer had an independent source for an in-court identification of the defendant, we reverse.

Under the circumstances of this case, where the defendant was positively identified as the perpetrator, the subsequent showup to Michael Dwyer was unnecessarily suggestive and should be suppressed (*see, People v Ford,* 100 AD2d 941, 943; *People v Mercado,* 63 AD2d 720). Moreover, because Hwa-Suk

Lee was present during Dwyer's identification and directed him to look at the defendant, there is a substantial likelihood that her identification of the defendant influenced Dwyer *(see, People v Fernandez,* 82 AD2d 922, 923; *see also, People v Adams,* 53 NY2d 241, 249). Contrary to the prosecution's contention, we conclude that the error in admitting Dwyer's out-of-court identification of the defendant cannot be considered harmless beyond a reasonable doubt given the fact that Dwyer was unable to identify the defendant at the trial and the fact that the jury asked for Dwyer's entire testimony to be read back to them, but did not ask to have Hwa-Suk Lee's testimony read back.

Furthermore, it was error for the court to deny the defendant's request to be present for the police witness's testimony and the defendant's further request to waive his presence during the identifying witnesses' testimony at the *Wade* hearing. A criminal defendant has a constitutional and statutory right to be present or to waive his presence during pretrial suppression hearings *(see, People v Anderson,* 16 NY2d 282). Moreover, the defendant has a right to be present during those parts of a pretrial hearing that he chooses and may waive his right to be present at other times. Thus, it was error for the trial court to insist that the defendant be either present for the entire *Wade* hearing or absent from the entire hearing.

In view of our determination, we need not address the defendant's remaining contentions. Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.