■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY DUPREE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered May 13, 1985, convicting him of attempted burglary in the third degree, criminal mischief in the fourth degree and possession of burglar's tools, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY DUPREE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered May 13, 1985, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), robbery in the second degree (two counts), criminal use of a firearm in the first degree and reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress the showup identification testimony by the

four victims of the crime other than Aleem Bacchus is granted, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether there is an independent basis for the admission of any in-court identification of the defendant by these four victims.

On March 17, 1984, approximately five minutes after five patrons of a restaurant on Liberty Avenue in Queens had been robbed at gun point, the police arrived at the restaurant. One of the victims, Aleem Bacchus, gave a description and stated he could identify the assailants. The police drove Bacchus in the direction the suspects had walked when exiting the restaurant and approximately five minutes later Bacchus pointed out the suspects to the police. The police returned to the restaurant where the other four patrons were asked to view the suspects individually. All viewed the defendant while he was seated next to another suspect in the rear of the police car wearing handcuffs.

There was nothing impermissibly suggestive regarding Bacchus' identification of the defendant. The identification was made shortly after the commission of the crime and facilitated a minimally intrusive means of investigation likely to confirm or dispel suspicions quickly. As such, the identification was permissible (see, People v Hicks, 68 NY2d 234).

We find, however, that once Bacchus made his identification, the subsequent showup identifications were unnecessarily suggestive. Bacchus' identification negated any exigent circumstances (see, People v Ford, 100 AD2d 941). In the absence of exigent circumstances, the procedure of exhibiting the defendant in the rear seat of a police vehicle wearing handcuffs while seated next to another suspect would not encourage a reliable or trustworthy identification (see, People v Hubener, 133 AD2d 233; People v Ford, 100 AD2d 941, supra; People v Mercado, 63 AD2d 720). At most, if there was to be any pretrial identification by the other four eyewitnesses, a lineup should have been held with an opportunity for individual identification by each of the four. However, a hearing should be held to ascertain whether the four eyewitnesses other than Bacchus had an independent source as a basis for an in-court identification. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.