■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL BARON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 25, 1988, convicting him of criminal sale of a controlled substance in the third degree (two counts), crimi-

nal possession of a controlled substance in the seventh degree, and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. By order dated March 26, 1990, this court remitted the matter to the Supreme Court, Queens County, to hear and report, after conducting a *Wade* hearing, on that branch of the defendant's omnibus motion which was to suppress certain identification testimony, and held the appeal in abeyance in the interim *(see, People v Baron,* 159 AD2d 710). The Supreme Court, Queens County, has now complied.

Ordered that the judgment is modified, on the law and the facts, by (1) reversing the convictions of criminal sale of a controlled substance in the third degree and vacating the sentences imposed thereon, and (2) granting that branch of the defendant's omnibus motion which was to suppress Detective Fallon's proposed testimony concerning his pretrial showup identification of the defendant, which occurred on September 8, 1987; as so modified, the judgment is affirmed, and a new trial is ordered on the first and second counts of the indictment charging the defendant with criminal sale of a controlled substance in the third degree.

The defendant's convictions of two counts of criminal sale of a controlled substance in the third degree are based on his alleged sales of cocaine to an undercover police officer, which occurred on August 20, 1987, and September 1, 1987. The other drug convictions are based on the search of the defendant's apartment, pursuant to a warrant executed on September 8, 1987, during which cocaine and drug paraphernalia were found.

Contrary to the hearing court's determination, we find that the undercover police officer's viewing of the defendant was not confirmatory in nature, but rather that it constituted an improper showup identification procedure *(see, People v Gordon,* 76 NY2d 595; *People v Rubio,* 133 AD2d 475; *see also, People v Newball,* 76 NY2d 587, 592). Accordingly, the hearing court should have granted that branch of the defendant's omnibus motion which was to suppress the undercover police officer's testimony concerning his showup identification of the defendant which occurred on September 8, 1987 *(see, People v Gordon, supra; People v Rubio, supra).* While the hearing court properly determined that there was an independent basis for an in-court identification of the defendant by the undercover police officer *(see, People v Hill,* 147 AD2d 500; *People v Rubio, supra; cf., People v Payne,* 149 AD2d 542), under the facts of this case, the error in allowing the undercover police officer to

testify at the trial concerning his showup identification of the defendant cannot be deemed harmless *(see, People v Rubio, supra; cf., People v Adams,* 53 NY2d 241, 251-252). Consequently, a new trial is warranted on the first and second counts of the indictment charging the defendant with criminal sale of a controlled substance in the third degree.

The defendant's other contentions are either without merit, unpreserved for appellate review, or need not be addressed in light of our determination on the drug sale convictions. Mangano, P. J., Bracken, Kooper and Lawrence, JJ., concur.