■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIL BUGAYONG, Appellant.—Judgment of the Supreme Court, Bronx County (George Covington, J.), rendered on March 10, 1987, convicting defendant, following a jury trial, of rape in the first degree, sodomy in the first degree, three counts of sexual abuse in the first degree and one count of sexual abuse in the third degree, and sentencing him to concurrent indeterminate terms of imprisonment of from five to fifteen years (2 terms), one to three years (3 terms) and a definite sentence of 90 days, is unanimously modified on the law, the facts and in the exercise of discretion to the extent of reversing defen-

dant's conviction on all counts relating to complainant M.C., remanding the matter for a new trial as to those counts and otherwise affirmed. The case is hereby remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).

Defendant, in a nine count indictment, was charged with sexual attacks against two patients at Lincoln Hospital where he was employed as a nurse at the time, and, following a jury trial, he was found guilty of rape in the first degree, sodomy in the first degree, three counts of sexual abuse in the first degree and one count of sexual abuse in the third degree. All of the convictions, other than the one for sexual abuse in the third degree, arose out of the alleged assault against complainant M.C. In that regard, we have considered defendant's contentions on appeal and perceive no reversible error except in one respect.

Prior to trial, defense counsel requested permission to examine M.C.'s medical records in order to ascertain her physical condition when the subject incident occurred and the medication she was taking at the time. Before she took the stand, the District Attorney furnished several pages of her records and informed defendant's attorney that the testimony which he intended to elicit related only to her weakened state and not to the nature of her medical treatment. Further, the trial court examined the medical records *in camera* and supplied some additional information but determined that there was nothing else that should be turned over to the defense. This ruling, however, was incorrect. We have reviewed M.C.'s hospital records and believe that they should have been made available to defendant regardless of whether or not the Trial Judge would ultimately have allowed their contents to be used for cross-examination. At least defendant's lawyer would have had the opportunity to raise this matter with the court, particularly since there is material in the records which could arguably have provided some assistance to the defense. It is also possible that based upon these records, defendant might have endeavored to call his own expert witness. Accordingly, defendant is entitled to a new trial in connection with those counts dealing with the alleged attack upon M.C. Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.