■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK DI GIROLAMO, Appellant. [602 NYS2d 182] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered December 11, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in

the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We disagree with the defendant that his identification by the undercover officer to whom he twice sold cocaine should have been suppressed. At the *Wade* hearing the undercover officer testified that on September 27, 1988, at approximately 5:15 P.M., she purchased cocaine from the defendant as he stood in the open doorway of an apartment located on Irving Avenue in Brooklyn. The officer was one or two feet away from the defendant, who was illuminated by both sunlight coming from the street into the hallway and light from the apartment. While speaking to the defendant, she focused on his face and clothing. She described him as a male Hispanic, about 25 years old, with long black hair tied in a ponytail, a light beard, a gold tooth, wearing a blue checkered shirt. The officer also noted that he was one or two inches shorter than she was. The officer thereafter reported by radio a description of the defendant to her supervisor. On October 10, 1988, at approximately 1:30 P.M., this officer again purchased cocaine from the defendant at the same location. She again was one or two feet away, and there was hallway and apartment light. She described him as a male Hispanic, about 25 years old, with long black hair tied in a ponytail. She stated that the beard was now full. He was wearing two gold earrings, a red sweat shirt, and blue jeans. She again testified that he was shorter than she was, estimating his height at between five feet five inches and five feet seven inches.

The undercover officer returned to the apartment on October 25, 1988, and made another narcotics purchase, but not from the defendant. Later that day the officer was told to go to the viewing room in the precinct without being told why. She looked through a one-way mirror and saw a man she then identified as the person who had sold her drugs on September 27 and October 10. It is unclear as to whether one or three women were with the defendant at the time this viewing occurred, but there is no dispute that the defendant was the only male.

The precinct viewing occurred 15 days after the last drug purchase from the defendant, and thus cannot be considered a confirmatory identification (see, *People v Waring*, 183 AD2d 271, 273; *People v Rubio*, 133 AD2d 475, 476). However, this

lapse of time was not necessarily fatal to the identification but rather created an issue to be resolved at a *Wade* hearing *(see, People v Newball,* 76 NY2d 587, 592). At the *Wade* hearing, the court found the undercover officer's testimony to be highly credible, a conclusion we find no reason to disturb here *(see, People v Prochilo,* 41 NY2d 759, 761). We therefore find no error in the hearing court's denial of the branch of the defendant's omnibus motion which was to suppress identification testimony. The officer's in-court identification was properly admitted at the trial because an independent basis existed for it.

Although her supervisors apparently were careful not to identify the defendant as a suspect, at least verbally, we note that the precinct procedure followed in this case was suggestive to the extent that the defendant was the only male viewed by the undercover officer. Consequently, the trial court should not have permitted the officer to testify as to the precinct identification *(see, People v Rubio, supra).* However, we find the error harmless *(see, People v Crimmins,* 36 NY2d 230, 241). Consistent with her hearing testimony, the undercover officer gave highly detailed trial testimony identifying the defendant as the person who had sold her the drugs on the two days in question, and therefore the precinct identification was, at best, of secondary importance *(cf., People v Rubio, supra).* Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Sullivan, Copertino and Pizzuto, JJ., concur.