◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SMITH, Also Known as TONY, Also Known as AURELLO SMITH, Also Known as SMITTY, Appellant. [610 NYS2d 594] —Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered October 19, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree, resisting arrest, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the matter is remitted to the County Court, Westchester County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification evidence, and the appeal is held in abeyance in the interim; the County Court, Westchester County, shall file its report with all convenient speed.

We conclude that the denial, without a hearing, of the defendant's application for a *Wade* hearing with respect to the proposed identification testimony of the undercover officer was improper. The record indicates that the undercover officer viewed a single photograph of the defendant at the station

house on June 8, 1988, and identified him as the individual from whom he had previously purchased cocaine on May 31, and June 1, 1988. Two days thereafter, on June 10, 1988, the defendant was arrested, after allegedly selling additional drugs to certain private individuals.

It cannot be said as a matter of law that the photographic identification here was the type of confirmatory procedure not "ordinarily burdened or compromised by forbidden suggestiveness" *(People v Wharton,* 74 NY2d 921, 922). Unlike the typical buy-and-bust scenario, the identification here occurred approximately one week after the last of two alleged face-to-face transactions between the undercover officer and the defendant, and the arrest did not occur for two days thereafter. Because there were no further details about the identification in the record, one could not determine whether the time lapses were significant under the circumstances of this case, so that it would be improper to classify the procedure as merely confirmatory rather than for identification purposes *(see, People v Newball,* 76 NY2d 587; *People v Gordon,* 76 NY2d 595; *People v Waring,* 183 AD2d 271). Accordingly, summary denial of the defendant's application for a *Wade* hearing was improper. We remit the matter to the hearing court to determine whether the viewing of the photograph was merely confirmatory or an improper identification procedure, and the appeal is held in abeyance in the interim *(see, People v Rodriguez,* 79 NY2d 445; *People v Harewood,* 184 AD2d 657; *cf., People v Burts,* 78 NY2d 20).

We reach no other issues at this juncture. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.