THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SMITH, Also Known as TONY SMITH, Also Known as AURELLO SMITH, Also Known as SMITTY, Appellant. [633 NYS2d 816] —Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered October 19, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree, resisting arrest, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. By decision and order of this Court dated April 18, 1994, the appeal was held in abeyance and the matter was remitted to the County Court, Westchester County, to hear and report as to whether the viewing of a photograph was merely confirmatory or an improper identification procedure *(see, People v Smith*, 203 AD2d 495). The Supreme Court (LaCava, J.), has now filed its report.

Ordered that the judgment is modified, on the law, by reversing the defendant's convictions on counts one through four of the indictment, vacating the sentences imposed thereon, and

remitting those counts of the indictment for a new trial to be preceded by an independent source hearing; as so modified, the judgment is affirmed.

The defendant was convicted of various crimes including, *inter alia*, the sale or possession of cocaine on three distinct dates, to wit: May 31, June 1, and June 10, 1988. We now affirm the judgment as it relates to events occurring on June 10, 1988, and reverse the defendant's convictions on counts one through four of the indictment relating to events alleged to have occurred on May 31, and June 1, 1988, and remit those counts of the indictment for a new trial.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of counts five, six, nine, and ten of the indictment beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (CPL 470.15 [5]).

However, we agree with the County Court's finding after remittitur *(see, People v Smith,* 203 AD2d 495, *supra)* that the viewing of a single photograph of the defendant by Police Officer Karl Hippolyte one week after the last of two alleged face-to-face drug sales was not a merely confirmatory viewing but was an impermissibly suggestive identification procedure *(see, People v Newball,* 76 NY2d 587, 591; *People v Gordon,* 76 NY2d 595, 600; *People v Di Girolamo,* 197 AD2d 531; *People v Waring,* 183 AD2d 271, 273; *People v Rubio,* 133 AD2d 475). Accordingly, because Hippolyte was the only witness to identify the defendant as the perpetrator of the crimes alleged to have been committed on May 31, and June 1, 1988, and an independent source hearing was not conducted prior to trial, the defendant's convictions based on acts committed on those two dates, must be reversed and the matter remitted for a new trial to be preceded by an independent source hearing to determine whether Hippolyte possesses an independent basis for an in-court identification of the defendant *(see, People v Burts,* 78 NY2d 20, 22; *see also, People v Tavares,* 212 AD2d 646).

The Court of Appeals has stated: "Whether an error in the proceedings relating to one count requires reversal of convictions on other jointly tried counts is a question that can only be resolved on a case-by-case basis, with due regard for the individual facts of the case, the nature of the error and its potential for prejudicial impact on the over-all outcome" *(People v Baghai-Kermani,* 84 NY2d 525, 532; *see also, People v*

*Brown,* 83 NY2d 791; *People v Kelly,* 76 NY2d 1013; *People v Bugayong,* 182 AD2d 450). Factors relevant to such an inquiry are the strength of the independent proof of the valid counts and whether the infirm and the valid counts are "factually related" *(see, People v Baghai-Kermani, supra,* at 533). Applying this standard to the facts at issue, we find that the reversal of the defendant's convictions of counts one through four of the indictment does not require a reversal of his convictions under the remaining counts of the indictment.

The testimony of Officer Hippolyte related to drug sales which occurred on May 31, and June 1, 1988, which were discrete face-to-face transactions that were factually unrelated to the June 10, 1988, events and did not involve the same officers as those latter events. Indeed, Officer Hippolyte did not identify the defendant in connection with the June 10, 1988, events and the defendant was not targeted for arrest on June 10 based on his drug sales to Officer Hippolyte. Rather, the defendant was arrested along with several others in a drug "sweep" of a housing project. Moreover, the prosecutor did not argue in summation that the various charges were interrelated or that the evidence should be viewed as cumulative. Indeed, although the purchases made by Hippolyte may have been used by the jury as cumulative evidence of the defendant's guilt, the potential prejudicial impact was negligible. Officer Hippolyte's two $10 purchases were dwarfed by the June 10, 1988, events, wherein officers observed the defendant make two separate drug sales and arrested him on the scene in possession of 145 vials of crack cocaine and a relatively large sum of United States currency. Moreover, Officer Hippolyte's testimony was the weakest presented, in that he described the 6-foot, 200-pound defendant as being 5 feet, 9 inches tall and 150 pounds and could not remember if the defendant had a beard. To the contrary, the testimony from the various officers participating in the June 10, 1988, arrest was strong and consistent. In sum, viewing the individual facts of this case, we find that the nature and potential prejudicial impact of the error concerning the defendant's convictions under counts one through four of the indictment was insufficient to warrant reversal of the remaining otherwise valid convictions under counts five, six, nine, and ten.

The defendant was not denied the effective assistance of counsel *(see, Strickland v Washington,* 466 US 668; *People v Benn,* 68 NY2d 941, 942; *People v De Mauro,* 48 NY2d 892) and the court's *Sandoval* ruling was in all respects proper *(see, People v Duffy,* 36 NY2d 258, 263, *cert denied* 423 US 861;

*People v Sandoval,* 34 NY2d 371, 375; *People v Schwartzman,* 24 NY2d 241, 249, *cert denied* 396 US 846). Further, the court properly determined that there was probable cause to arrest the defendant *(see, People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852; *People v Dodt,* 61 NY2d 408, 416; *People v Jenkins,* 47 NY2d 722, 724; *People v Ferguson,* 115 AD2d 615, 616-617; *People v Dawson,* 115 AD2d 611, 612; *People v Bowdoin,* 89 AD2d 986) and properly admitted into evidence $273 in United States currency and a quantity of cocaine that was seized from the defendant upon his arrest *(see, People v Haynes,* 172 AD2d 242; *People v Bell,* 160 AD2d 477; *see also, People v Mitchell,* 171 AD2d 403). Finally, the People were properly permitted to amend the tenth count of the indictment to reflect the fact that the crime charged therein occurred in the City of Yonkers *(see,* CPL 200.70; *People v Gray,* 157 AD2d 596, 597; *People v Clapper,* 123 AD2d 484, 485; *People v Robinson,* 119 AD2d 598).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Allgood,* 70 NY2d 812, 813; *People v Goodman,* 31 NY2d 262, 269; *People v Zannone,* 130 AD2d 699), without merit *(see, People v Kilgore,* 168 AD2d 830; *People v Bennett,* 162 AD2d 820), or need not be addressed in light of our determination on the *Wade* issue. Rosenblatt, J. P., Miller, Thompson and Ritter, JJ., concur.