■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CUTHRELL, Appellant. [726 NYS2d 903] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [2]), defendant contends that County Court erred in denying his *Batson* challenge on the ground that the prosecutor's reason for removing the potential juror was pretextual. Because defendant failed to articulate to the court "any reason why he believed that the prosecutor's explanations were pretextual, his present [contention is] unpreserved for [our] review" (*People v Santiago*, 272 AD2d 418, *lv denied* 95 NY2d 907; *see, People v Figueroa*, 276 AD2d 561, *lv denied* 96 NY2d 734). Were we to review that contention, we would conclude that it is without merit. "[T]he People offered a sufficiently race-neutral explanation for challenging one black

potential juror who had [a] relative[ ] who had been convicted of crimes and who would likely be sympathetic toward defendant" (*People v Dabbs*, 192 AD2d 932, 934, *lv denied* 82 NY2d 707; *see, People v Richardson*, 193 AD2d 969, 972, *lv denied* 82 NY2d 725). Defense counsel's failure to preserve defendant's contention for our review does not constitute ineffective assistance of counsel. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147).

Contrary to defendant's contention, the court did not err in denying defendant's motion for a *Wade* hearing where, as here, the identification was made "by a trained undercover officer who observed defendant during the face-to-face drug transaction knowing defendant would shortly be arrested" (*People v Wharton*, 74 NY2d 921, 922), and the identification was made shortly after the transaction (*see, People v Starkes*, 283 AD2d 943). Nor did the court err in denying defendant's request for a *Rodriguez* hearing (*see, People v Rodriguez*, 79 NY2d 445, 452-453) to test the People's claim that the identification was merely confirmatory. Such a hearing is not required in a classic "buy and bust" undercover operation where the undercover officer identifies the defendant immediately after the transaction (*cf., People v Smith*, 203 AD2d 495, *lv dismissed* 85 NY2d 914).

The court did not abuse its discretion in admitting in evidence the audiotape of the drug transaction. Having reviewed the tape, we conclude that it is not "so inaudible and indistinct that the jury would have to speculate concerning its contents" (*People v Cleveland*, 273 AD2d 787, 788, *lv denied* 95 NY2d 864; *see, People v Rivera*, 257 AD2d 172, 176, *affd* 94 NY2d 908). The court's *Sandoval* ruling did not constitute an abuse of discretion (*see, People v Walker*, 83 NY2d 455, 458-459; *see also, People v Washington*, 233 AD2d 684, 687-688, *lv denied* 89 NY2d 1042).

Finally, we conclude that the conviction is supported by legally sufficient evidence and that the verdict is not against the weight of the evidence (*see generally, People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Monroe County Court, Maloy, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Burns, JJ.