■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE L. RODRIGUEZ, Appellant. [741 NYS2d 759] —Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered August 20, 1999, convicting defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). He contends that County Court erred in summarily denying his motion to suppress identification testimony. In opposition to the motion, the People contended that no hearing was required because the identification by a police investigator was merely confirmatory, but they failed to address either the alleged use of a photograph of defendant or an identification by a police officer. The court properly summarily denied that part of the motion with respect to the police investigator but should have conducted a hearing with respect to the police officer and the photograph. Although a *Wade* hearing generally is not required where an undercover officer involved in a "buy and bust" operation identifies a defendant shortly after the transaction (*see e.g. People v Wharton*, 74 NY2d 921; *see also People v Cuthrell*, 284 AD2d 982, 983; *People v Carter*, 283 AD2d 514, *lv denied* 96 NY2d 899), there is no per se rule exempting identifications by police officers from *Wade* hearings "by merely labeling them as [confirmatory]" (*Wharton*, 74 NY2d at 923). Rather, the determination whether an identification is confirmatory depends on the "nature and circumstances of the encounter" (*id.*). The record establishes that the identification by the police investigator was made shortly after the transaction and that it was confirmatory pursuant to *Wharton*. The record, however, does not establish the nature and circumstances of the identification by the police officer or the manner in which the photograph was used. Thus, it cannot be said as a matter of law that the identification of defendant by the police officer was merely confirmatory. Under the circumstances of this case, we nevertheless conclude that the failure to hold a hearing is harmless error because the police investigator's identification testimony would have been admissible at trial. The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Pine, Hayes, Kehoe and Gorski, JJ.