■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELBERT MOSS, Appellant. [744 NYS2d 585] —Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered February 15, 2001, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Contrary to defendant's contention, the People established probable cause for defendant's arrest despite the fact that the arresting officer did not testify at the suppression hearing. Defendant was arrested within moments of a radio transmission of a completed drug sale, and the evidence at the suppression hearing "permits no other inference but that the testifying officer and the arresting officer both heard the identical transmission and that defendant was arrested as a result of that transmission" (*People v Coleman*, 288 AD2d 49, 50; *see also People v Sabeno*, 223 AD2d 512, *lv denied* 88 NY2d 884). Contrary to the further contention of defendant, Supreme Court properly denied his motion for a *Wade* hearing with respect to the identification of defendant by two undercover officers shortly after the transaction. The officers had observed defendant during the face-to-face drug transaction, and thus the identification was merely confirmatory (*see People v Wharton*, 74 NY2d 921, 922-923; *People v Cuthrell*, 284 AD2d 982, 983). We further conclude that the court properly denied defendant's request for a *Rodriguez* hearing (*see People v Rodriguez*, 79 NY2d 445, 452-453) to test the People's claim that the identification was merely confirmatory. "Such a hearing is not required in a classic 'buy and bust' undercover operation where the undercover officer identifies the defendant immediately after the transaction (*cf., People v Smith*, 203 AD2d 495, *lv dismissed* 85 NY2d 914)" (*Cuthrell*, 284 AD2d at 983). Finally, the sentence is neither unduly harsh nor severe. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.