■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELBERT WELCH, Appellant. [763 NYS2d 701] —Appeal from a judg-

ment of Niagara County Court (Punch, J.), entered July 17, 2000, convicting defendant after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals pro se from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his request for substitution of counsel. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (*People v Sides*, 75 NY2d 822, 824 [1990]; *see People v Sawyer*, 57 NY2d 12, 18-19 [1982], *rearg dismissed* 57 NY2d 776 [1982], *cert denied* 459 US 1178 [1983]). It is incumbent upon the defendant to show good cause for the requested substitution (*see Sides*, 75 NY2d at 824; *People v Medina*, 44 NY2d 199, 207-208 [1978]). Here, the contention of defendant that defense counsel's trial strategy conflicted with his desire to pursue a conspiracy theory does not constitute the requisite good cause for substitution (*see Medina*, 44 NY2d at 209).

We also reject the contention of defendant that the court erred in denying his motion to preclude identification testimony. The court properly determined, following a *Rodriguez* hearing (*see People v Rodriguez*, 79 NY2d 445, 452-453 [1992]), that the identification was merely confirmatory because the police officer identified defendant from a photograph approximately one hour after purchasing drugs from defendant during a "buy and bust" operation (*see People v Moss*, 295 AD2d 939 [2002], *lv denied* 99 NY2d 538 [2002]). Indeed, a *Rodriguez* hearing was not required "to test the People's claim that the identification was merely confirmatory. Such a hearing is not required in a classic 'buy and bust' undercover operation where the undercover officer identifies the defendant immediately after the transaction" (*People v Cuthrell*, 284 AD2d 982, 983 [2001]).

We further reject defendant's contention that the court erred in refusing to give a missing witness charge with respect to an informant and a detective who was a member of the surveillance team. Defendant failed to establish that the informant was knowledgeable about a material issue pending in the case inasmuch as she testified at the *Rodriguez* hearing that she

was unable to recall any relevant information leading up to defendant's arrest, and the testimony of the detective would have been cumulative to that of several other members of the surveillance team who testified extensively at trial (*see People v Gonzalez*, 68 NY2d 424, 427 [1986]; *People v Lewis*, 231 AD2d 919 [1996], *lv denied* 89 NY2d 1096 [1997]).

We reject defendant's contention that the court should have appointed an expert pursuant to County Law § 722-c to weigh and test the seized drugs. The court properly authorized the funds for defendant to hire his own expert pursuant to the statute, but there is no requirement in the statute that the court itself appoint an expert on defendant's behalf.

Defendant's contention that the conviction is not supported by legally sufficient evidence is not properly before us. The court denied defendant's motion for dismissal based on insufficient evidence at the close of the People's case, and defendant subsequently called his own witnesses but did not renew his motion at the close of all the proof. Thus, defendant "waived 'subsequent review of th[e] determination' " denying his motion (*People v Zeigler*, 305 AD2d 1100, 1101 [2003], quoting *People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Defendant further contends that the prosecutor committed reversible error by using certain photographs to refresh a witness's recollection in his direct examination of that witness despite an alleged stipulation of the prosecutor that the photographs would not be used on his direct case. The general objection by defendant to the photographs based on an illegal search and seizure did not preserve for our review his present contention that the prosecutor's use of the photographs violated the alleged stipulation (*see generally People v Everson*, 303 AD2d 1027 [2003]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Gorski, Lawton and Hayes, JJ.