■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY BRAXTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered November 24, 1989, convicting him of absconding from temporary release in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that preindictment delay denied him due process of law is without merit. After a hearing, the court determined that the delay of nine months between the act which formed the basis for the charge and the indictment was reasonable, and that the defendant had failed to demonstrate that he was prejudiced by the delay. We agree. The severity of the offense and the lack of any prejudice to the defendant indicate that he was not denied due process (see, People v Singer, 44 NY2d 241; People v Romero, 173 AD2d 654; People v LaRocca, 172 AD2d 628; People v Angrisani, 160 AD2d 713; People v Donovan, 141 AD2d 835).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

With respect to the defendant's claim that certain comments made by the prosecutor during summation deprived him of a fair trial, we note that several of these comments constituted fair comment upon the evidence (see, People v Ashwal, 39 NY2d 105; People v James, 146 AD2d 712, 713). While some of the prosecutor's remarks would have been better left unsaid, we do not consider them to be so prejudicial in nature as to have deprived the defendant of a fair trial (see, People v Galloway, 54 NY2d 396, 401; People v Adams, 163 AD2d 318, 320).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.