■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY COX, Appellant.—Judgment, Supreme Court, New York County (Howard Bell, J., at hearing; Robert Haft, J., at trial), rendered February 22, 1990, after a jury trial, convict-

ing defendant of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed.

Defendant was not deprived of due process by the 18-month delay between his identification as a suspect and arrest. The investigating officer acted reasonably and in good faith in attempting to locate defendant by visiting his last known address, where bystanders claimed not to recognize him from a photo, determining that the building was abandoned and that no utility services were registered in the building in defendant's name, and determining that defendant had missed a scheduled meeting with his parole officer. Defendant's own misconduct of pirating someone else's electrical services effectively camouflaged such a paper trail, and contributed substantially to his ability to evade arrest.

While further efforts might have been made at the building in question, mere inadvertence, by itself, is not a reason to dismiss the indictment *(People v Taranovich,* 37 NY2d 442, 446), especially when the delay was not deliberate or motivated by tactical advantage to the prosecutor, and did not result in substantial prejudice *(see, People v Montez,* 167 AD2d 356, *lv denied* 77 NY2d 841; *People v King,* 114 AD2d 650, 651).

By expressly declining an opportunity to move for a mistrial on the basis of counsel's trial strategy, defendant waived the claim he now raises on appeal, *i.e.,* that he was denied effective assistance of trial counsel. In any event, defendant was not deprived of meaningful representation.

We have considered defendant's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Asch, JJ.