■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEN BREWLEY, Appellant. [596 NYS2d 91] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered April 19, 1990, convicting him of criminal sale of a controlled substance in the third degree and

criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the five-month delay between his sale of cocaine to an undercover police officer and his arrest deprived him of his constitutional right to due process of law is without merit. Where there is good cause for the delay in prosecuting the defendant, the delay does not constitute a violation of due process (see, People v Singer, 44 NY2d 241; People v Donovan, 141 AD2d 835, 836; People v Brown, 124 AD2d 667). In the present case, the police were involved in an ongoing narcotics investigation and the defendant's arrest would have revealed the undercover officer's identity and resulted in the discontinuation of the investigation. Moreover, there is no indication in the record that the police delayed arresting the defendant in order to gain a tactical advantage or that the defendant suffered prejudice as a result of the delay. Therefore, the delay did not deprive the defendant of due process (see, People v Donovan, supra; People v Connor, 137 AD2d 701).

Nor did the police officers' request that the defendant produce identification shortly after the drug transaction, on the pretext that they were investigating a robbery, deprive him of due process of law. Although the police conduct involved a measure of guile, it was not so fundamentally unfair as to deprive the defendant of due process (see, People v Tarsia, 50 NY2d 1, 11; People v Sohn, 148 AD2d 553). Moreover, at the time the police requested the defendant's identification, he was not in custody. Therefore, the defendant's rights to counsel and to remain silent had not yet attached and the police were not required to read the defendant the Miranda warnings (see, Miranda v Arizona, 384 US 436).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.