■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR QUIROZ, Appellant. [597 NYS2d 106] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered April 13, 1989, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On November 23, 1985, the defendant allegedly fired two shots into the chest of Guillermo Villa, killing him. A few days later, the sole known eyewitness identified a photograph of the defendant as the perpetrator. Thereafter, the police were unable to locate the witness or the defendant. Approximately 18 months after the shooting, a lineup finally occurred and the defendant was thereafter indicted, *inter alia,* for murder in the second degree. After a hearing, the court determined that the defendant had not been denied his constitutional right to a speedy trial as a result of the preindictment delay. The defendant subsequently pleaded guilty to criminal possession of a weapon in the second degree. We affirm.

There are four factors of primary importance in considering whether a defendant has been denied due process as a result of preindictment delay: " '(1) the length of the delay; (2) the reason for the delay; (3) the degree of actual prejudice to the defendant; and (4) the seriousness of the underlying offense' " *(People v LaRocca,* 172 AD2d 628, quoting *People v Bryant,* 65 AD2d 333, 336). In the instant case, for a significant period of the delay the police were unable, despite diligent efforts, to locate the sole eyewitness or the defendant and arrange for a lineup *(see, People v Stone,* 136 AD2d 662). Throughout the period of delay, the police, among other things, interviewed many individuals, visited various locations and contacted diverse sources in their attempts to locate the defendant and the witness. Although it appears that the police should have realized at one point that the defendant had been released on bail on an unrelated pending case, "[t]here is no reason to conclude that the investigation was not undertaken in good faith" *(People v Rosado,* 166 AD2d 544, 545). In addition, the crime charged herein was very serious and the defendant made only " 'routine-like claim[s] of prejudice' " *(People v*

*Couch,* 186 AD2d 143, 144, quoting *People v Fuller,* 57 NY2d 152, 160; *see also, People v LaRocca,* 172 AD2d 628, *supra).* Accordingly, we are satisfied that the Supreme Court did not err in denying the defendant's motion *(see, People v Romero,* 173 AD2d 654). Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.