■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD PAYNE, Appellant. [610 NYS2d 829] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered March 26, 1990, convicting him of manslaughter in the first degree, assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the eyewitnesses to the crime, who were also the victims, each had a sufficient independent basis to identify the defendant in court *(see, United States v Wade,* 388 US 218). Therefore, their in-court identifications were properly permitted despite suggestive pre-trial police-arranged identifications.

Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.