■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JEMERSON, Appellant. [628 NYS2d 299] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered April 15, 1993, convicting him of sexual abuse in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the 18-month pre-indictment delay violated his due process rights under the State Constitution (see, NY Const, art I, § 6). We disagree. Due process requires prompt prosecution of the accused. In determining whether a defendant has been denied due process as a result

of a pre-indictment delay, the following four-part test is to be applied: (1) the length of the delay, (2) the reason for the delay, (3) the degree of actual prejudice to the defendant, and (4) the seriousness of the underlying offense *(see, People v Quiroz,* 192 AD2d 730).

Here, the 18-month delay was a result of circumstances beyond the prosecutor's control in locating a potential witness to whom the defendant made incriminating admissions. Considering the valid excuse for the pre-indictment delay, the lack of prejudice evidenced by the delay, combined with the severity of this crime, sexual abuse and assault of an elderly patient with Alzheimer's disease, dismissal of the indictment is not warranted *(see, People v Braxton,* 176 AD2d 811, 812; *People v Romero,* 173 AD2d 654).

The defendant's contention that the People failed to prove their case based on purely circumstantial evidence is without merit. Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620; *People v Williams,* 84 NY2d 925, 926, citing *People v Wong,* 81 NY2d 600, 608; *see also, People v Hubbert,* 212 AD2d 633; *People v Ruiz,* 211 AD2d 829). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.