■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LING, Appellant. [633 NYS2d 348] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered September 1, 1994, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Posner, J.), of the defendant's motion to dismiss the indictment on speedy trial grounds pursuant to CPL 30.20.

Ordered that the judgment is affirmed.

The defendant contends that his constitutional right to a speedy trial was violated by the seven-month delay between

the date of the incident and the date that he was arrested. It is well established that in balancing the merits of a defendant's assertion that he has been denied a speedy trial, the court should consider "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" *(People v Taranovich,* 37 NY2d 442, 445; *see also, People v Singer,* 44 NY2d 241; *People v Bonsauger,* 91 AD2d 1001). Applying these guidelines, we find that the delay in arresting the defendant herein did not violate his speedy trial rights *(see, People v Lesiuk,* 81 NY2d 485; *People v Braxton,* 176 AD2d 811; *People v Donovan,* 141 AD2d 835).

At the time of the plea allocution, the defendant was expressly warned that if he failed to return to court on the date scheduled for sentencing, the court would impose an enhanced sentence. The defendant clearly acknowledged that he understood this condition of the plea agreement. Accordingly, once the defendant unjustifiably failed to appear for sentencing, the court was free to impose an enhanced sentence *(see, People v Patterson,* 211 AD2d 829; *People v Thorpe,* 189 AD2d 903).

Finally, the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.