■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CHILLI, III, Appellant. [641 NYS2d 310] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered July 3, 1990, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree, and sentencing him to a term of 5 years to life, unanimously affirmed.

The motion court properly evaluated the factors set forth in *People v Taranovich* (37 NY2d 442, 444-445) in excusing the preindictment delay of 44 months. Although defendant challenges the delay in connection with the prosecution of State charges, these were inextricably intertwined with the goals and activities of a joint State-Federal investigation into defendant and several other alleged members of a crime family. The scope of the Federal investigation incorporated serious crimes, and the life of a confidential informant and undercover operatives, and the wider web of the Federal investigation would have been compromised by an early arrest in the State case and the concomitant disclosure obligations (*see, People v Donovan*, 141 AD2d 835, *lv denied* 72 NY2d 1044). The fact that the undercover aspect of the Federal investigation might have been completed within two years of the drug sale did not eliminate the continuing need of the Federal authorities to develop sources and evidence in addition to that which had been provided by undercover operatives. The record establishes that the delay was not deliberate or motivated by tactical considerations, and caused no discrete prejudice (*see, People v Taranovich, supra*, at 446-447; *People v Cox*, 188 AD2d 316, *lv denied* 81 NY2d 969). Concur—Murphy, P. J., Milonas, Williams, Tom and Mazzarelli, JJ.