■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY LEE, Respondent. [652 NYS2d 2] —Order, Supreme Court, New York County (Budd Goodman, J.), entered July 25, 1995, which granted defendant's motion to dismiss an indictment, charging him with robbery in the first degree for the gunpoint robbery of an automobile, on the ground of pre-indictment delay, unanimously reversed, on the law, defendant's motion denied, the indictment reinstated and the matter remanded for further proceedings.

Defendant was arrested in Bronx County on September 1, 1994, while driving an automobile that had been reported stolen in Manhattan on June 30, 1994. A felony complaint charged defendant with criminal possession of stolen property in the third degree and fourth degree, and unauthorized use of a vehicle. Following his arraignment on that complaint on September 2, 1994, defendant was released on his own recognizance and the case was adjourned to September 23, 1994.

Defendant appeared in court on September 23, 1994, but

there was no Grand Jury action, and the case was adjourned to October 20, 1994.

Defendant again appeared in court on October 20, 1994. Again there was no Grand Jury action and the case was adjourned to November 15, 1994.

During the period from September 23, 1994 to October 21, 1994, defense counsel spoke on two or three occasions with the Assistant District Attorney assigned to defendant's Bronx case and a Manhattan police detective, regarding defendant's participation in a proposed lineup to determine whether defendant was involved in the "carjacking" that had occurred in Manhattan on June 30, 1994. Although the People claimed that defendant refused to participate in a lineup, defendant's counsel stated that he consented to defendant's participation in a lineup provided a court order was obtained; that despite the setting of a proposed date for the lineup, no lineup order was obtained by that date; and that despite defense counsel's request that the detective assigned to investigate the carjacking contact him when a lineup order was obtained, no such order was ever obtained.

On October 24, 1994, defendant was arrested in Maryland, while driving alone in a car that had been reported stolen at gunpoint 24 hours earlier, in Manhattan. A loaded pistol was recovered from the car. Defendant was convicted of transporting a handgun into the State and driving with a suspended New York State license and was incarcerated in Maryland from October 24, 1994 until late December of 1994.

Because defendant was incarcerated in Maryland, he missed the November 15, 1994 adjourned date on the Bronx case, and a bench warrant was issued.

On November 23, 1994 defense counsel sent letter notification to the Bronx court and the Assistant District Attorney assigned to the Bronx case of defendant's incarceration in Maryland.

Defendant's counsel also stated that defendant "immediately" contacted his counsel upon release from the Maryland prison in late December 1994, and that, on January 17, 1995, defendant voluntarily returned to the Bronx court.

Upon defendant's return to the Bronx court on January 17, 1995, the prosecutor reduced the felony charges of criminal possession of stolen property in the third degree and fourth degree to the misdemeanor charge of criminal possession of stolen property in the fifth degree. Because no corroborating affidavit was filed, the case was adjourned to February 10, 1995.

Defendant then appeared in the Bronx court on February 10, 1995, and on subsequent adjourned dates of March 17, 1995 and April 14, 1995.

At his appearance on April 14, 1995, defendant was finally arrested and charged with the June 30, 1994 gunpoint robbery of the car in Manhattan. The arresting officer advised counsel that a photo array identification had been made "recently" on April 4, 1995 to confirm a reasonable suspicion that defendant was the carjacker, allegedly based on the fact that defendant was arrested in Bronx County while driving the stolen car. Following defendant's arrest on April 14, 1995, he was identified the same day in a lineup.

On April 24, 1995, an indictment was filed in New York County, charging defendant with robbery in the first degree in connection with the June 30, 1994 gunpoint robbery of the automobile. Defendant was arraigned on that indictment on May 4, 1995.

On June 9, 1995, defendant filed a motion to dismiss the indictment on the ground that the $7^1/_2$ month delay between his original arrest on September 1, 1994 in connection with charges involving the stolen car, and his April 14, 1995 second arrest in connection with the same car, as well as the $9^1/_2$ month delay between the June 30, 1994 carjacking and his April 14, 1995 arrest for that crime, constituted an "unjustifiable pre-indictment delay which has impaired defendant's ability to adequately defend himself of these charges".

In granting the defendant's motion, the court found that the People had been remiss in the investigation of the carjacking case because they were aware that the car in which defendant was arrested had been stolen two months prior to defendant's arrest; that the circumstances of defendant's arrest in Bronx County provided probable cause to obtain a court order for a lineup in connection with the Manhattan carjacking; and that because the People could have conducted a photo array identification procedure at any time after defendant's Bronx County arrest on September 1, 1994, there was no excuse for the delay of that procedure until April 4, 1995. It concluded, without elaboration, that the People had "no legal reason for the delay and that there is some indication that the defendant has been prejudiced by the delay".

Although the court found that the People did not show good cause for the delay herein, this is only a portion of the applicable rule. In *People v Singer* (44 NY2d 241, 254), the Court of Appeals noted that "[g]enerally where there has been a protracted delay, certainly over a period of years, the burden is

on the prosecution to establish good cause". However, the Court went on to explain, where "a determination [is] made in good faith to defer commencement of the prosecution for further investigation or for other sufficient reasons", a defendant is not deprived of due process of law "even though the delay may cause some prejudice to the defense" (*supra,* at 254). To be sure, in this case, the People could have acted more swiftly in conducting the photo array procedure, but as there is no showing that the delay was anything other than inadvertent, or that the delay was designed to gain a tactical advantage over the defendant, the motion court erred in basing dismissal substantially on the ground that the People "had no legal reason for the delay" (*see, People v Jackson,* 178 AD2d 305, *lv denied* 79 NY2d 948). Moreover, in connection with a claim of untimely prosecution, as here, the Due Process Clause "generally requires a showing of actual prejudice before dismissal would be warranted" (*People v Singer, supra,* at 252). Here, defendant alleged that, despite his arrest while driving the hijacked car, and despite the People's efforts following his arrest to have him participate in a lineup regarding the carjacking, he did not suspect that he might be asked his whereabouts at the time of the carjacking, and thus his ability to recall his whereabouts or to locate "alibi witnesses whose testimony might be favorable to him" was seriously impaired by the pre-indictment delay. Although defendant attempted to support his claim of prejudice by arguing to the motion court that he was "most likely" with friends or family at the time of the carjacking (2:00 A.M.) and that the memories of those friends or family, like that of defendant himself, must have dimmed during the pre-indictment delay, such argument does not constitute "convincing support for defendant's routine-like claim of prejudice" (*People v Fuller,* 57 NY2d 152, 160; *see also, People v Jackson, supra*). Concur—Sullivan, J. P., Rosenberger, Rubin, Kupferman and Williams, JJ.