■ In the Matter of BENJAMIN L., a Person Alleged to be a Juvenile Delinquent, Appellant. [667 NYS2d 419] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Braslow, J.), dated May 16, 1996, which, upon a fact-finding order of the same court, also dated May 16, 1996, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for one year. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant was arrested on July 7, 1994, and detained overnight. At the pre-petition detention hearing the following day, the court declined to direct that the appellant be detained pending the filing of a juvenile delinquency petition and a fact-finding hearing, and remanded the appellant to his mother's care. Thereafter, the presentment agency waited approximately one year before it filed the petition. The appellant moved to dismiss the petition on the ground, *inter alia,* that he had been denied his constitutional right to a speedy trial. We agree with the Family Court that the appellant was not denied his right to a speedy trial.

The following factors should be examined in balancing the merits of an assertion that there has been a denial of the right to a speedy trial: (1) the extent of the delay, (2) the reason for the delay, (3) the nature of the underlying charge, (4) whether there has been an extended period of pretrial incarceration, and (5) whether there is any indication that the defense has been impaired by reason of the delay (*cf., People v Taranovich,*

37 NY2d 442, 445). While the presentment agency failed to offer any excuse for its delay in filing the petition, that is but one factor to consider in balancing the merits. Moreover, a one-year delay is not excessive, particularly where, as in the present case, the appellant was not incarcerated during that period and he has failed to articulate that he suffered any prejudice as a result of this delay (*cf., People v Taranovich, supra*). Under the circumstances, the court properly denied the appellant's motion to dismiss the petition.

The complainant's identification of the appellant was not the result of an unnecessarily-suggestive police procedure. Therefore, the court properly denied that branch of the appellant's omnibus motion which was to suppress the identification (*cf., People v Love,* 57 NY2d 1023; *People v Lewis,* 123 AD2d 716).

The appellant's remaining contentions are without merit. Mangano, P. J., Rosenblatt, Pizzuto and Luciano, JJ., concur.