OPINION OF THE COURT
Barbara Salinitro, J.
Respondent moves to dismiss this juvenile delinquency petition on the ground that he has been denied a speedy trial within the meaning of article 3 of the Family Court Act and in contravention of the United States Constitution. The Presentment Agency opposes this application.
PROCEDURAL HISTORY
The procedural aspects of this case are not in dispute. The respondent was arrested on February 4, 1998 and charged with robbery. On the same day as the arrest and in accordance with Family Court Act § 305.2 (4) (a), the respondent was released to a parent and issued a Family Court appearance ticket (DAT) directing him to appear at the Queens County Family Court on February 19, 1998. On that date, the respondent appeared at the Queens County Family Court for his *1017 interview with the Department of Probation pursuant to Family Court Act § 307.1 (1). Later that same day, the Probation Department referred the respondent’s case to the Corporation Counsel’s office for prosecution (Presentment Agency).
On the same day that it received the Probation Department’s referral, the Presentment Agency rescheduled respondent’s case for filing on March 19, 1998. The matter was again rescheduled on March 19 to April 16, 1998. On April 16, the case was rescheduled by the Presentment Agency until May 13, 1998, which is the date on which the petition was filed and the respondent was arraigned at his initial appearance before a Judge. In total, 83 days elapsed from the return date of the DAT to the date on which the respondent was arraigned.
LEGAL ANALYSIS
Respondent argues, first, that the delay in the filing of a petition and, therefore, his arraignment, violates the statutory requirements of Family Court Act § 307.1 (2). Respondent’s reliance on this section of the Family Court Act is misplaced. The purpose of Family Court Act § 307.1 (2) is to establish the time frame for a respondent’s appearance pursuant to Family Court Act § 307.1 (1), not his initial appearance. Pursuant to Family Court Act § 307.1 (2), if the respondent had been charged with a designated felony act (as defined in Family Ct Act § 301.2 [8]), the return date of his DAT would have had to have been within 72 hours of his arrest. Family Court Act § 307.1 (2) goes on to say that when a respondent is arrested on nondesignated felony charges, the return day for the DAT shall be “no later than fourteen days after the issuance of such appearance ticket.” Respondent argues that he is charged with designated felony acts and, therefore, had to have made his initial appearance before a Judge within 72 hours of the issuance of the DAT. There is no basis in law or fact for this conclusion. The respondent was not arrested on designated felony charges and is not currently accused of committing any designated felony acts. Respondent is charged with acts of juvenile delinquency. In any event, Family Court Act § 307.1 establishes the time frame for the return date of a DAT, not an arraignment, or initial appearance.
The respondent next argues that the speedy trial time must be calculated from the day of the respondent’s first physical appearance in court in response to the desk appearance ticket. In support of his argument, respondent cites People v Stirrup (91 NY2d 434 [1998]). In Stirrup (supra) an adult defendant was *1018 arrested and given a DAT directing him to appear in court one month later. Defendant appeared in court on the appropriate date but no accusatory instrument was filed as required pursuant to CPL 150.50 (1). The defendant in Stirrup was directed to return to court three more times before he was arraigned. Defendant challenged the calculation of speedy trial time, arguing that the “speedy trial clock” began to run when he first appeared in court in response to the desk appearance ticket. The Court of Appeals agreed.
While the facts in Stirrup (supra) are strikingly similar to those in the instant action, the prefiling, prearraignment procedural differences between Family and Criminal Court make Stirrup inapplicable to the Family Court process. First, when the respondent was given his appearance ticket, he was directed to appear at the “designated probation service” within the Family Court building. He was not directed to appear to answer an accusatory instrument as a defendant might in Criminal Court. This is a significant distinction, particularly when one considers Family Court Act § 308.1. Family Court Act § 308.1 authorizes the probation service to review each case and determine whether it might be adjusted or referred for prosecution. Under this section, the probation service is permitted to hold a case and consider adjustment for up to two months without leave of court. The adjustment process may be extended for an additional two months with court approval. The process is designed to offer a youth a variety of community-based services in an effort to guide him away from criminal behavior. Eligible youth might successfully avoid a court proceeding altogether. There is no similar provision in the adult system. There, once a DAT is issued, a prosecution is presumed and it then becomes the prosecutors’ burden to comply with the mandates of CPL 150.50 (1) and file an accusatory instrument.
To require that the arraignment, and, therefore, the “speedy trial clock” in Family Court start to run when a respondent appears for his preliminary assessment with probation would have a chilling effect on both the adjustment process and the Presentment Agency’s ability to prosecute those cases that are held for adjustment and referred at a later date. Respondents who appear in response to the DAT might find that their case is expeditiously referred for prosecution rather than considered for adjustment if the speedy trial clock starts to “tick”. In matters where efforts at adjustment are appropriately made and later fail, prosecutors would no longer have the option of pre *1019 seating a case in court. This cannot be the intended goal of the Legislature and should not be the result.
In reaching the decision it did in Stirrup (supra), the Court of Appeals presented a detailed discussion of CPL 150.50 and 30.30 (5) (b), the key statutory framework for a speedy trial analysis in the adult system. These statutes do not apply to Family Court proceedings. (See, Family Ct Act § 303.1 [1].) While Family Court Act § 303.1 (2) allows a court to consider interpretations of CPL provisions when attempting to interpret parallel sections of the Family Court Act, this court holds that to do so in this case would be to ignore the relevant portions of article 3. (See, Family Ct Act § 340.1; see also, Matter of Frank C., 70 NY2d 408 [1987].)
In the instant action, there has been no statutory violation of the respondent’s right to a speedy arraignment or speedy trial. The Presentment Agency filed a petition on May 13, 1998 and the initial appearance of the respondent took place on the same day. Family Court Act § 320.2 requires that the initial appearance occur within 10 days of filing of the petition when a respondent is not detained. Inasmuch as the respondent’s initial appearance took place within 10 days of the filing of the petition, there has been no violation of the respondent’s right to a “speedy arraignment”. Nor is there any requirement that the Presentment Agency file the petition any sooner than it did. The only reference to a statutory filing obligation contemplated within the Family Court Act is the Statute of Limitations provision found in Family Court Act § 302.2. Under this section (which, in fact, clearly makes reference to the fact that it tracks a specific section of the CPL), a juvenile delinquency proceeding must commence within five years of the date of the act. The proceeding must also commence prior to the accused’s 18th birthday. (See, Family Ct Act § 302.2; CPL 30.10 [2] [b].) In this case, the Presentment Agency has complied with those mandates. Finally, Family Court Act § 340.1 requires that a delinquency trial commence within 60 days of arraignment, absent a showing of good cause. While 60 days have passed since the respondent’s arraignment in May, there has been a finding of good cause and a waiver of speedy trial by the respondent until the next adjourn date.
Article 3 of the Family Court Act, then, establishes time limits to move a juvenile delinquency case through the Family Court system. As noted above, Family Court Act § 307.1 counts the time from arrest to probation referral. Family Court Act § 308.1 tells the Probation Department how much time it has *1020 to consider a case for adjustment, and once filed, a trial must commence within 60 days pursuant to Family Court Act § 340.1. The one time frame for which the statute is silent is the amount of time the prosecuting agency has to file once the Probation Department refers it a case. While there does not appear to be statutory authority in this area, the Appellate Division has considered this issue in Matter of Benjamin L. (246 AD2d 545 [2d Dept 1998]). In Matter of Benjamin L. (supra) the respondent was released by a Family Court Judge after a prepetition application was heard. Subsequently, the Presentment Agency waited approximately one year before a petition was filed. The appellate court held that the juvenile was not denied his right to a speedy trial and there was no prejudice due to the delay in filing. Considering this, it appears that the Presentment Agency’s 83-day delay in filing this case does not violate the respondent’s right to a speedy trial.
Finally, respondent asserts that he has been denied his right to a speedy trial in contravention of the Sixth Amendment of the United States Constitution. There is no basis for this assertion under the facts presented in this case. Respondent’s arraignment took place 83 days after arrest. As the Presentment Agency correctly points out in its answering affirmation, preindictment delays of as long as 18 months have been found not to violate either the United States or the New York Constitution. (See, People v Staley, 41 NY2d 789 [1977]; People v Singer, 44 NY2d 241 [1978]; People v Quiroz, 192 AD2d 730 [2d Dept 1993]; People v Jemerson, 215 AD2d 692 [2d Dept 1995].)
For all the above-stated reasons, respondent’s motion to dismiss this petition is denied.