■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN BROWN, Respondent. [691 NYS2d 178] —Appeal by the People from an order of the County Court, Suffolk County (Corso, J.), dated August 7, 1997, which granted the defendant's motion to dismiss the indictment on the ground that preindictment delay deprived him of due process.

Ordered that the order is reversed, on the law, and the indictment is reinstated.

In assessing a due process claim based on preindictment delay, the factors to be considered are (1) the length of the delay, (2) the reason for the delay, (3) the degree of actual prejudice to the defendant, and (4) the seriousness of the underlying offense (*see, People v Quiroz,* 192 AD2d 730; *People v Ro-*

*sado,* 166 AD2d 544; *see also, People v Singer,* 44 NY2d 241). Upon consideration of these factors, we conclude that the 19-month delay between the commission of the crimes and the defendant's arrest did not deprive him of due process.

The defendant was charged in the indictment with A-I and A-II drug felonies (*see,* Penal Law art 55), and he offered only a "routine-like claim of prejudice" (*People v Fuller,* 57 NY2d 152, 160; *see also, People v Lee,* 234 AD2d 140, 143). The People offered good cause for the failure to arrest the defendant immediately after his participation in three narcotics transactions. For the next year, the police were involved in an ongoing narcotics investigation and did not want to compromise the identity of the confidential informant who was involved in the transactions with the defendant (*see, e.g., People v Brewley,* 192 AD2d 540; *People v Martinez,* 187 AD2d 992; *People v Donovan,* 141 AD2d 835). The People sufficiently justified the remaining delay through evidence of the efforts by the police to locate the defendant (*see, People v Quiroz, supra; People v Cox,* 188 AD2d 316; *People v Montez,* 167 AD2d 356). Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.