■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY JONES, Appellant. [699 NYS2d 447] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered May 23, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the seven-year delay between the crime and his arrest violated his right to a speedy trial. We disagree. In assessing the defendant's due process claim based on preindictment delay, the court must consider "(1) the extent of the delay, (2) the reason for the delay, (3) the nature of the underlying charge, (4) whether or not there has been an extended period of pretrial incarceration, and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich*, 37 NY2d 442, 445; *see, People v Farner*, 234 AD2d 561). In the instant case, the seven-year delay between the commission of the crime and the defendant's arrest does not, in and of itself, warrant dismissal of the indictment (*see, People v Suero*, 235 AD2d 357; *People v Brown*, 209 AD2d 233; *People v LaRocca*, 172 AD2d 628). The charges against the defendant were serious (*see, People v Rossi*, 210 AD2d 511), and the delay in attempting to locate him was not an attempt to gain a tactical advantage over him (*see, People v Suero, supra*; *People v Lee*, 234 AD2d 140; *People v McCrorey*, 180 Misc 2d 75). Because the delay between the crime and the defendant's arrest was justifiable, the defendant was required to demonstrate actual prejudice (*see,*

*People v Singer,* 44 NY2d 241), which he failed to do (*see, People v Lee, supra*; *People v Rossi, supra*).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Rossey,* 89 NY2d 970). Moreover, upon exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in this supplemental *pro se* brief, are without merit. Bracken, J. P., Thompson, Friedmann and Smith, JJ., concur.