■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM BALKEN, Respondent. [705 NYS2d 590] —Appeal by the

People from (1) an order of the County Court, Suffolk County (Cacciabaudo, J.), dated April 1, 1999, which granted the defendant's motion to dismiss the indictment, and (2) so much of an order of the same court dated May 18, 1999, which, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated April 1, 1999, is dismissed, as that order was superseded by the order dated May 18, 1999, made upon reargument; and it is further,

Ordered that the order dated May 18, 1999, is reversed insofar as appealed from, on the law, the motion is denied, the indictment is reinstated, the order dated April 1, 1999, is vacated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.

The instant prosecution arose from a one-vehicle automobile accident on December 7, 1996. The defendant was driving the automobile at nearly twice the posted speed limit and was passing a friend's car by driving in a center turning lane. He lost control of the vehicle on a curve and the automobile overturned, resulting in the deaths of two passengers.

The defendant was originally charged with driving while under the influence of alcohol (hereinafter DWI). This charge was unsupported by medical evidence and was dismissed in April 1997. The initial police investigation, which was concededly "largely completed" by June 12, 1997, upon release of an accident reconstruction report, resulted in no new charges. The investigation did not go forward until the parents of the decedents urged the District Attorney to reopen the case in August 1998. The detective assigned to the matter reinterviewed witnesses, interviewed at least one additional witness, and the matter was presented to a Grand Jury which indicted the defendant on two charges of criminally negligent homicide in November 1998. The County Court granted the defendant's motion to dismiss the indictment, finding that he had been denied due process as a result of the People's failure to bring a prompt prosecution. We now reverse.

Upon consideration of the appropriate factors (*see, People v Jones,* 267 AD2d 250; *People v Ling,* 221 AD2d 372), we disagree with the County Court's conclusion that the defendant was denied his constitutional right to a prompt prosecution. Although it is apparent from the record that a period of approximately 18 months elapsed between June 1997, when the first stage of the investigation was "largely completed", and November 1998, when the defendant was indicted, this period of delay was not per se unreasonably long (*see, People v Jones, supra; People v Suero,* 235 AD2d 357; *People v Chilli,* 227 AD2d

103; *People v Brown,* 262 AD2d 419; *People v Jemerson,* 215 AD2d 692).

The lengthy period of inactivity was not intended to gain any unfair tactical advantage over the defendant (*see, People v Chilli, supra*). The reason for the delay appears to be that investigators initially believed that they had insufficient evidence to proceed once the DWI charge proved to be unfounded. However, they later decided, in good faith, to advance the cause before the Grand Jury. As the Court of Appeals noted in *People v Lesiuk* (81 NY2d 485, 491), a good faith determination to defer prosecution will not result in a determination that due process has been denied, even if the defendant was prejudiced by the delay.

In any event, the defendant was not prejudiced by the delay. The only claim of prejudice advanced by the defendant was the loss of the ability to examine the second car present at the scene to ascertain whether it had made contact with the defendant's car and thus had caused the collision. However, there was no persuasive evidence of any collision, and in light of the evidence as to the dangerous manner in which the defendant was driving (*see, People v Senisi,* 196 AD2d 376; *People v Buffington,* 35 AD2d 1063), whether the two cars made contact is of little consequence. The absence of any credible showing of prejudice strongly militates against a finding that the defendant's due process rights have been abridged (*People v Jones, supra*; *People v Brown, supra*; *People v Jemerson, supra*). Moreover, the nature of the charges is serious (*see, People v Jones, supra*; *People v Suero, supra*), and the defendant was not subject to any lengthy period of pretrial detention. Accordingly, we find that the defendant was not deprived of due process. Santucci, J. P., Joy, S. Miller and H. Miller, JJ., concur.