Matter of J.R. (2005 NY Slip Op 50013(U))

[*1]

Matter of J.R.

2005 NY Slip Op 50013(U)

Decided on January 5, 2005

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 5, 2005

Family Court, Nassau County
In the Matter of J.R., A Person Alleged to be a Juvenile Delinquent, Respondent.
xxx

Richard S. Lawrence, J.
Respondent moves this Court for an order dismissing this juvenile delinquency petition. The Presentment Agency, of course, opposes the motion, stating that under the applicable law, the Respondent is not entitled to the relief he seeks.
The Respondent has been charged with the following acts, which, if he were sixteen years of age, would be:
Assault in the Third Degree
Section 120.00(1) of the Penal Law, an A Misdemeanor
Attempted Assault in the Third Degree
Sections 110/120.00(1) of the Penal Law, a B Misdemeanor
Assault in the Third Degree
Section 120.00(2) of the Penal Law, an A Misdemeanor
Menacing in the Third Degree
Section 120.15 of the Penal Law; a B Misdemeanor.
The alleged incident occurred on May 25, 2004; the petition was filed on July 7, 2004; and Respondent's first appearance was on September 9, 2004.
Respondent in his supporting papers consistently refers to himself as "co-respondent." The Court is mystified by this appel-lation as the sole respondent with respect to the captioned matter is J.R. himself. It appears that there is a co-respondent with respect to this respondent, which co-respondent is the [*2]subject of a separate juvenile delinquency petition.
Respondent alleges that the petition violates Family Court Act §311.1 in that the supporting deposition in the captioned matter is allegedly different from a supporting deposition allegedly received by this Respondent's co-respondent on the other matter. Respon-dent's argument seems to be that since the two depositions do not support one another, that credibility is somehow an issue and that therefore the supporting depositions on both petitions do not support the petition in the captioned matter.
Respondent cites no case law or authority whatsoever for this proposition. In this Court's opinion it is quite clear that an
Article 3 petition must rise or fall of its own weight, based upon the supporting deposition(s) annexed to that particular petition, without resorting to extrinsic documents.
FCA §311.2 states that a petition is "sufficient on its face when"...
 3.non-hearsay allegations of the factual part of
the petition or of any supporting depositions
establish, if true, every element of each crime
charged and the respondent's commission thereof.
Respondent also states that "no intent to cause physical injury to another person from a mere push" is shown in the supporting depositions to the petition. However, the element of intent need not be express and it may be inferred from the acts alleged. See People v Getch and People v Marr, 50 NY2d 456 (1980). In the matter at bar, the question of whether the alleged push would have been sufficient to cause physical injury, is a matter of fact for the Court at the fact-finding hearing.
The Court has reviewed the two supporting depositions to this petition and finds that the petition is in conformance with the above-cited provisions of the Family Court Act.
Respondent also alleges that his speedy trial rights have been violated and that therefore this petition should be dismissed.
The Respondent's right to a speedy trial is codified in juvenile delinquency matters in Family Court Act §§310.2, 320.2 and
340.1. In the matter at bar, the alleged incident occurred on May 25, 2004. The leading case is Matter of Benjamin L., 246 AD2d 545 (2d Dept 1998), appeal granted 91 NY2d 814 (1998), reversed and remitted 92 NY2d 660 (1999).
In Benjamin L., the Presentment Agency did not file its petition until 13 months after the alleged incident. That Respon-dent was detained overnight and charged with attempted robbery in the second degree, a class D felony and menacing in the third degree, a class B misdemeanor. He initially appeared with counsel on August 8, 1995 and the matter was adjourned to September 13, 1995 for a fact-finding hearing.
Family Court Act §310.1(1) states that a juvenile delinquency proceeding is "originated by the filing of a petition." The Court of Appeals in Benjamin L. made clear the importance of a "speedy trial" vis-a-vis juvenile delinquency proceedings. It stressed that it is in society's interests to provide a speedy trial, separate and apart from the interests of the accused and that all defendants should be treated according to fair and reasonable procedures.
These interests include preventing extensive backlogs
of cases that diminish the legitimacy of the proceedings
in the eyes of accuseds and their accusers while
creating additional pressure on prosecutors to negotiate
plea bargains premised on length of delay, not merit. Additionally, long delays may harm the case of the
prosecution or the defense because a witness's memory
may fade. Matter of Benjamin L., supra, at 667.
The Court of Appeals continued, citing People v Taranovich 37 NY2d 442 (1975), that the test it used in that case is appropriate for application to a juvenile delinquency matter as well. The Court stated that five factors should be examined to determine the merits of a speedy trial claim:
[*3]
1) the extent of the delay; 2) the reason for the
delay; 3) the nature of the underlying charge;
4) whether or not there has been an extended period
of pretrial incarceration; and 5) whether or not there
is any indication that the defense has been impaired
by reason of the delay. Matter of Benjamin L., supra,
at 668.
However, the Court stated that there are in fact differences between adult criminal cases and the
 unique nature of juvenile proceedings. Indeed, given
the differences between juvenile and criminal proceed-
ings, a court's analysis cannot merely mimic that under-
taken in criminal cases. For example, there would likely
not be an extended period of pretrial incarceration in
the juvenile context, given the strict time limitations promulgated in the Family Court Act for filing a petition
petition when a juvenile is detained (Family Ct Act
§307.4[7]). Moreover, two of the Taranovich factors - - -
prejudice and length of delay - - may carry different
connotations in the context of juvenile proceedings when
compared to adult criminal prosecutions. Matter of
Benjamin L., supra, at 668-669. 
Regarding juvenile delinquency matters the Benjamin L. court stated that "the central goal of any juvenile proceeding - - rehabilitation of the juvenile through prompt intervention and treatment - - can seem trivialized when a presentment agency delays the filing of a petition." Matter of Benjamin L., supra, at 670. However, the Court stressed the need of rehabilitation in such matters, and that "[t]o cut off the rehabilitation opportunity for a juvenile in the name of due process might [*4]defeat or contradict the express goals of article 3 - - 'to consider the needs and best
interests of the respondent as well as the need for protection of the community,'" citing Family Court Act §301.1. Ibid.
The Court stressed that "we do not endorse a per se rule regarding speedy trial violations. The factors must be collectively evaluated on a case-by-case basis..." Ibid.
In Benjamin L. the Court remitted the matter to the trial court to explain the reason for the delay, which was unknown as presented on appeal. In the matter at bar, the Deputy County Attorney has thoroughly reviewed what transpired since the date of the alleged incident until the initial appearance before the Court, only six weeks thereafter. The purposes of the Family Court itself, as well as the applicable sections of the Family Court Act, necessitate this Court's denial of this Respondent's application. If there is a finding or admission with respect to the fact-finding portion of this matter, then rehabilitation of the Respondent is mandated by statute. This Court finds no prejudice to the Respondent by the very short delay in presenting this matter, nor does the Respondent claim any prejudice. The reason for the short delay was that the Presentment Agency originally did not have the Respondent's apartment number, and therefore could not serve him. Upon learning the apartment number, service was effected, and the Respondent and a responsible adult appeared before the Court only ten weeks subsequent to the alleged incident.
Lastly, the Respondent alleges that "co-Respondent [sic] R.'s right to a speedy fact finding hearing pursuant to FCA §310.2[has been violated] and constitutes serious misconduct in the presentment of the petition pursuant to F.C.A. 315.2(1)."
A respondent claiming a due process violation from a delay must demonstrate actual prejudice where the delay between the alleged incident and the arrest was justifiable. See People v Jones, 267 AD2d 250 (2d Dept 1999), appeal den'd 94 NY2d 949 (2000), involving a seven year delay, where the Court held that the defendant's arrest did not violate his right to a speedy trial; People v Mosher, 187 AD2d 861 (3d Dept 1992) where the defendant showed no special circumstances tending to establish [*5]any prejudice to his right to a fair trial despite a twenty-two month pre-indictment delay; and People v Brown, 243 AD2d 750 (3d Dept 1997) where a five month delay did not violate the Defendant's due process rights where he was not incarcerated and where he did not show his defense was impaired by the delay. See also Matter of Steven A., NYLJ 4/7/03, p. 32, col. 6 (N.C. Fam Ct., Lawrence, J.).
This Court finds no speedy trial violation and nothing even approaching any "serious misconduct" on behalf of the Presentment Agency.
Accordingly, each and every branch of Respondent's instant motion is denied.