■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH EVANS, Appellant. [792 NYS2d 124]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered June 11, 2002, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in third degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court impermissibly admitted testimony of an uncharged crime is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, even assuming that admission of the testimony was erroneous, as this was a nonjury trial and there was overwhelming evidence of the defendant's guilt, admission of the testimony was harmless (*see People v Arrington*, 158 AD2d 461 [1990]).

The defendant's contention that the indictment should have been dismissed because his defense was improperly impaired by the delay of approximately four months between the date the crimes were committed and the date of the indictment is also unpreserved for appellate review (*see People v Ramirez*, 243 AD2d 734 [1997]). In any event, this contention is without merit. "[A] determination made in good faith to defer commencement of the prosecution for further investigation or for other sufficient reasons, will not deprive the defendant of due process of law even though the delay may cause some prejudice to the defense" (*People v Singer*, 44 NY2d 241, 254 [1978]; *see People v Rosado*, 166 AD2d 544 [1990]). Here, the People offered good cause for the failure to arrest the defendant immediately after his participation in the two drug transactions (*see People v Lesiuk*, 81 NY2d 485 [1993]; *People v Brown*, 262 AD2d 419 [1999]; *People v Brewley*, 192 AD2d 540 [1993]).

The defendant's contention that he was penalized for going to trial rather than accepting a plea offer is also unpreserved for appellate review, as the defendant failed to raise this issue before the sentencing court (*see People v Mack*, 293 AD2d 761 [2002]). In any event, the sentencing minutes indicate that the court relied upon the appropriate factors in sentencing the defendant to a higher sentence than that which was offered during plea negotiations (*see People v Pena*, 50 NY2d 400 [1980], *cert denied* 449 US 1087 [1981]; *People v Mack, supra; People v Cancel*, 266 AD2d 306 [1999]; *People v Durkin*, 132 AD2d 668 [1987]). The fact that the defendant's sentence was greater than the one he would have received had he pleaded guilty does not establish his entitlement to a lesser sentence (*see People v Hinton*, 285 AD2d 476 [2001]; *People v Allah*, 283 AD2d 436 [2001]).

Contrary to the defendant's contention in his supplemental pro se brief, the court properly admitted the undercover officer's in-court identification of the defendant. Although the identification, which occurred shortly after the transaction, was suggestive, the undercover officer had an independent basis for the in-court identification (*see People v Payne*, 202 AD2d 694 [1994]; *People v Di Girolamo*, 197 AD2d 531 [1993]; *People v Rubio*, 133 AD2d 475 [1987]).

The defendant's remaining contention contained in his supplemental pro se brief is without merit. Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.