██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAD HUDYIH, Appellant. [876 NYS2d 156]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered August 1, 2006, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Where a defendant charged with an attempted homicide relies on a defense of justification, evidence of a victim's prior acts of violence, of which the defendant had knowledge, are admissible provided that the acts were reasonably related to the crime with which the defendant was charged (*see People v Reynoso*, 73 NY2d 816, 818 [1988]; *People v Miller*, 39 NY2d 543, 552 [1976]; *People v Washington*, 44 AD3d 973, 973-974 [2007]). Here, the trial court providently exercised its discretion in limiting admission of the evidence of the victim's prior acts of violence. Moreover, the excluded evidence would have been merely cumulative (*see People v Washington*, 44 AD3d at 974).

The defendant's challenge to the legal sufficiency of the evidence regarding his defense of justification is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *see also People v Finger*, 95 NY2d 894, 895 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Giammarino*, 105 AD2d 802 [1984]). Further, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d

342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that he was penalized for going to trial rather than accepting a plea offer is also unpreserved for appellate review (*see People v Evans,* 16 AD3d 595, 596 [2005]) and, in any event, is without merit. The sentencing minutes indicate that the court relied upon the appropriate factors in sentencing the defendant to a higher sentence than that which was offered during plea negotiations (*see People v Pena,* 50 NY2d 400 [1980], *cert denied* 449 US 1087 [1981]; *People v Evans,* 16 AD3d at 596). The fact that the defendant's sentence was greater than the one he would have received had he pleaded guilty does not establish his entitlement to a lesser sentence (*see People v Evans,* 16 AD3d at 596; *People v Hinton,* 285 AD2d 476 [2001]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.