■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO VELEZ, Appellant. [910 NYS2d 382]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Loehr, J.), rendered December 11, 2007, convicting him of burglary in the second degree, criminal mischief in the third degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court properly denied the defendant's motion to dismiss the indictment because of a delay between the burglary

and his indictment. The prosecution established good cause for the delay and, therefore, the defendant's right to due process was not violated (*see People v Jones,* 267 AD2d 250 [1999]; *People v Suero,* 235 AD2d 357 [1997]; *People v Lee,* 234 AD2d 140 [1996]). In any event, the delay did not prejudice the defendant (*see People v Singer,* 44 NY2d 241 [1978]; *People v Lee,* 234 AD2d 140 [1996]).

The defendant's contention that the convictions of burglary in the second degree, criminal mischief in the third degree, and petit larceny were not supported by legally sufficient evidence is not preserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.