[1 NE3d 790, 978 NYS2d 716]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO VELEZ, Appellant.

Argued October 16, 2013; decided November 19, 2013

## APPEARANCES OF COUNSEL

*Mark Diamond*, New York City, for appellant.

*Janet DiFiore, District Attorney*, White Plains (*Steven A. Bender* and *Richard Longworth Hecht* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant was indicted in May 2007, for a burglary that occurred in October 2003. He sought dismissal of the indictment based on the 43-month pre-accusatory delay. The People attributed this delay to two circumstances. First, there was a delay of some 14 months owing to the fact that the police department lacked a latent fingerprint examiner to match the prints from the crime scene. Second, once the fingerprints were matched and defendant was identified as a suspect, the District Attorney's office learned that defendant was already serving a life sentence on another crime. Thus, to conserve and efficiently use resources, the District Attorney's office decided not to bring charges for the burglary. After defendant's life sentence on the other conviction was in jeopardy upon a partially successful appeal, the District Attorney sought and obtained the burglary indictment.

County Court, upon applying the five factors delineated by this Court in *People v Taranovich* (37 NY2d 442 [1975]), denied defendant's motion to dismiss the indictment due to the delay. The Appellate Division affirmed (78 AD3d 867 [2d Dept 2010]). A Judge of this Court granted defendant leave to appeal (19 NY3d 969 [2012]).

We agree with the lower court's conclusion that the prosecutorial delay did not deprive defendant of his due process right to prompt prosecution. As it pertains to the extent of the delay, the charges against defendant were filed within the statute of limitations period and no special circumstances exist impairing his right to a fair trial (*see People v Fuller*, 57 NY2d 152 [1982]). Further, the record supports the determination that the People established good cause for the delay (*see People v Decker*, 13 NY3d 12, 16 [2009]).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order affirmed, in a memorandum.