# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1042**
**KA 12-01597**
PRESENT: SCUDDER, P.J., SMITH, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CLINTON JOHNSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN HANNAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 20, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [1]), defendant contends that he was denied due process based on the delay of 53 months and 10 days between the incident and the date of the indictment. We reject that contention.

"A defendant's right to a speedy trial is guaranteed by both the Constitution (US Const, 6th and 14th Amdts; *see Dickey v Florida*, 398 US 30, 37-38; *Smith v Hooey*, 393 US 374, 383; *Klopfer v North Carolina*, 386 US 213, 226) and by statute (CPL 30.20; Civil Rights Law § 12)" (*People v Taranovich*, 37 NY2d 442, 444; *see People v Romeo*, 12 NY3d 51, 55, *cert denied* 558 US 817). A defendant may also challenge, on due process grounds, preindictment delay (*see People v Singer*, 44 NY2d 241, 252), and "the factors utilized to determine if a defendant's rights have been abridged are the same whether the right asserted is a speedy trial right or the due process right to prompt prosecution" (*People v Vernace*, 96 NY2d 886, 887). The inquiry involves weighing the factors enunciated in *Taranovich*: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*Taranovich*, 37 NY2d at 445; *see Vernace*, 96 NY2d at 887). "Generally

when there has been a protracted delay, certainly over a period of years, the burden is on the prosecution to establish good cause" (*Singer*, 44 NY2d at 254).

Preliminarily, we note with respect to the first factor, i.e., the extent of the delay, that "[t]here is no specific temporal period by which a delay may be evaluated or considered 'presumptively prejudicial' " (*Romeo*, 12 NY3d at 56). "Where the delay is lengthy, an examination of the other factors is triggered, and the length of the delay becomes one factor in that inquiry" (*id.*). Although the 53-month and 10-day preindictment delay in this case was substantial, we discern no special circumstances in this case that impaired defendant's right to a fair trial (*see People v Velez*, 22 NY3d 970, 972). Furthermore, the record of the *Singer* hearing demonstrates with respect to the second factor, i.e., the reason for the delay, that the People established good cause for the delay in prosecuting defendant (*see id.*). We conclude that the People's decision to bring charges several years later "was not an abuse of the significant amount of discretion that the People must of necessity have, and there is no indication that the decision was made in anything other than good faith" (*People v Decker*, 13 NY3d 12, 15).

With respect to the third factor, i.e., the nature of the underlying charges, here defendant was charged with three counts of burglary in the first degree, two counts of robbery in the first degree, two counts of robbery in the second degree, and criminal possession of a weapon in the second degree. Those crimes are undoubtedly serious (*see e.g. People v Hill*, 106 AD3d 1497, 1498; *People v Bradberry*, 68 AD3d 1688, 1690-1691, *lv denied* 14 NY3d 838; *People v Gwynn*, 161 AD2d 1174, 1174, *lv denied* 76 NY2d 789).

With respect to the fourth factor, i.e., whether there has been an extended period of pretrial incarceration, it is undisputed that defendant was incarcerated on unrelated charges throughout most of the period between the incident and the filing of the indictment. We thus conclude that " 'the delay caused no further curtailment of [defendant's] freedom' " (*People v Jenkins*, 2 AD3d 1390, 1391; *see People v Doyle*, 50 AD3d 1546, 1546; *People v Robinson*, 49 AD3d 1269, 1269-1270, *lv denied* 10 NY3d 869; *People v Striplin*, 48 AD3d 878, 879, *lv denied* 10 NY3d 871). Moreover, the delay cannot be said to have prevented the possibility of defendant serving a concurrent sentence with a previously imposed term of incarceration (*cf. Singer*, 44 NY2d at 252-253).

Finally, with respect to the fifth factor, i.e., whether the defense was impaired by reason of the delay, we are unable to discern any prejudice suffered by defendant as a result of the delay, and his conclusory assertions of prejudice are insufficient to support that contention (*see People v Ortiz*, 16 AD3d 1130, 1130, *lv denied* 5 NY3d 766). In any event, even assuming, arguendo, that defendant suffered some prejudice as a result of the delay, we note that "a determination made in good faith to defer commencement of the prosecution for further investigation[,] or for other sufficient reasons, will not deprive the defendant of due process of law even though the delay may

cause some prejudice to the defense" (*Singer*, 44 NY2d at 254).